UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00004-FDW

| | |
|---|---|
| CHARLES ALAN FANCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Charles Alan Fancher's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254 (Doc. No. 1) and Motion to Proceed In Forma Pauperis (Doc. No. 2).

I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was found to be responsible by a Clay County Superior Court jury of driving left of center and guilty of driving while impaired, assault with a deadly weapon with intent to kill, two counts of misdemeanor assault with a deadly weapon, and three counts of assault with a deadly weapon on a government official. State v. Fancher, 830 S.E.2d 705, 2019 WL 3562368 at *1 (N.C. Ct. App. 2019) (unpublished). The trial court sentenced him to a minimum of 8 years in prison. § 2254 Pet. (Doc. No. 1) at 1. Judgment was entered on March 15, 2018. Id.

Petitioner filed a direct appeal, and on August 6, 2019, the North Carolina Court of Appeals ("NCCOA") issued its unpublished opinion finding no plain error in the judgment. Fancher, 830 S.E.2d at *10. Petitioner did not seek review of the NCCOA's decision in the North Carolina Supreme Court ("NCSC"). § 2254 Pet. (Doc. No. 1) at 2.

1

On or about November 22, 2019, Petitioner filed a motion for a new trial in the Clay County Superior Court, which the court denied on December 12, 2019. Order Deny. Nov. 22, 2019 Mot. (Doc. No. 1-3). Petitioner did not seek review of the trial court's decision by filing a petition for writ of certiorari in the NCCOA. § 2254 Pet. (Doc. No. 1) at 3-5.

Petitioner filed the instant federal habeas Petition in this Court on December 19, 2019, when he placed in the prison mailbox. Houston v. Lack, 487 U.S. 266, 267 (1988).

## II. STANDARD OF REVIEW

In reviewing the Petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes the Petition must be dismissed as unexhausted.

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State

Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)).  Furthermore, the prisoner must present the federal claim to *all* appropriate state courts, including the highest appellate court established to review such a claim.  See O'Sullivan, 526 U.S. at 845 (emphasis added).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the NCCOA and then petitioning the NCSC for discretionary review, or by filing a post-conviction motion for appropriate relief ("MAR") in the trial court and then petitioning the NCCOA for a writ of certiorari.  See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422.  By his own admission, Petitioner did not seek discretionary review in the NCSC after the NCCOA denied his direct appeal.  Furthermore, Petitioner has not filed an MAR in the trial court, and to the extent the trial court construed his motion for a new trial as an MAR, Petitioner did not file a petition for writ of certiorari in the NCCOA seeking review of the trial court's denial of that motion.

Consequently, the claims raised in the instant Petition are unexhausted.  The Court shall dismiss the Petition without prejudice to Petitioner's ability to file a § 2254 petition after he has fully exhausted his federal claims in the state courts.

Petitioner is forewarned, however, that the AEDPA also imposes a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The § 2254 petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled while a properly filed state post-conviction action, like an MAR, is pending in state court. 28 U.S.C. § 2244(d)(2).

It appears from the record before this Court that Petitioner's judgment became final on or about September 10, 2019, thirty-five days after the NCCOA denied his direct appeal and the time to file a petition for discretionary review in the NCSC expired. See 28 U.S.C. § 2244(d)(1)(A); N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Thus, while Petitioner has ample time to pursue post-conviction relief in the state courts, see § 2244(d)(2), that time is not unlimited.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** without prejudice for failure to exhaust the claims raised therein, see 28 U.S.C. § 2254(b)(1)(A);

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537

U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 8, 2020

_____
Frank D. Whitney
Chief United States District Judge